UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIQUINDELLA CLARK, an individual,

    Plaintiff

v.                                                                                          CASE NO.

POLK COUNTY PUBLIC SCHOOLS and
POLK COUNTY SCHOOL BOARD,

    Defendant

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

LIQUINDELLA CLARK ("Plaintiff"), by and through her attorneys, sues POLK COUNTY PUBLIC SCHOOLS and the POLK COUNTY SCHOOL BOARD, for damages and alleges and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against POLK COUNTY PUBLIC SCHOOLS and the POLK COUNTY SCHOOL BOARD, who acted collectively, (hereinafter "Defendants"), for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII").

2. Defendant, POLK COUNTY PUBLIC SCHOOLS, is an educational institution with its headquarters located in Bartow, Florida.

3. Defendant, POLK COUNTY SCHOOL BOARD, is a body who meets and makes decisions regarding POLK COUNTY PUBLIC SCHOOLS.

4. Plaintiff is an African American woman, who has taught at POLK COUNTY PUBLIC SCHOOLS since 2007.

5. In 2007, Defendant, POLK COUNTY PUBLIC SCHOOLS, hired Plaintiff as a

1

teacher because she was well qualified for the position and had years of experience working with children and adolescents.

6. Plaintiff as a teacher with Defendant, POLK COUNTY PUBLIC SCHOOLS, was responsible for teaching middle school students.

7. Despite Plaintiff's stellar job performance and many accomplishments, Defendants subjected her to racial discrimination.

8. Plaintiff was constructively discharged in or around April, 2021, and as a result suffered significant emotional and monetary damages.

## JURISDICTION

9. Jurisdiction lies in this court pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

## VENUE

10. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Polk County, Florida, and pursuant to 28 U.S.C. § 1391(b)(2), because the events and omissions giving rise to the claims occurred in Polk County, Florida.

11. Plaintiff, who, at all relevant times, was employed by Defendant, POLK COUNTY PUBLIC SCHOOLS (subject to decisions made by POLK COUNTY SCHOOL BOARD), as a Teacher, and worked in Polk County, Florida, when the cause of action accrued.

12. Defendants at all material times was and is an "employer" as envisioned by Title VII.

## CONDITIONS PRECEDENT

13. Plaintiff timely filed a charge of racial discrimination with the Equal Employment Opportunity Commission (EEOC).

2

14. On or about May 26, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

15. This Complaint has been filed within ninety (90) days of receipt of that notice.

16. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

17. Plaintiff is an African American woman who is domiciled in Bartow, Florida, and is a citizen of the United States of America.

18. Plaintiff was an employee, as defined by Title VII.

19. Upon information and belief, Defendants are an employer as defined by Title VII and within 42 U.S.C.A. § 2000e(b) and whose principal place of business is in Bartow, Florida.

## FACTS

20. Plaintiff is a member of the African American race.

21. Defendant discriminated against Plaintiff due to her African American race.

22. Plaintiff was constructively discharged in or around April, 2021 in violation of Title VII.

23. On or around February 12, 2021, Plaintiff was falsely accused of battery by a group of children, which caused her to be arrested and charged with "battery".

24. Within twenty-four hours, Defendants made the decision to place her on administrative leave and to recommend termination of her employment.

25. Shortly thereafter, at the request of the Defendants, Plaintiff was required to deliver all of her school issued equipment to the Defendants' school district office.

26. After weeks of being on administrative leave, receiving no contact from upper management, and in fear of being terminated and losing her entire retirement benefit, Plaintiff felt constructively discharged and as though she had no choice but to submit her letter of resignation

on April 1, 2021. A copy of Plaintiff's letter of resignation is attached hereto as **Exhibit "A"**.

27. On February 4, 2022, after appearing for jury trial, it was determined that Plaintiff was not guilty of battery or any other wrongdoing.

28. Thereafter, Plaintiff sought to be rehired by Defendants; Defendants refused to re-hire Plaintiff.

### Race Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, *as amended*,
### 42 U.S.C. § 2000e-2(a)

29. Plaintiff realleges and adopts all of the allegations in paragraphs 1 through 28 hereof, as if fully set forth herein.

30. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their Race.

31. Plaintiff is an African American female and is a member of a protected class.

32. Upon information and belief, Plaintiff's co-worker of Caucasian Race, employed by Defendants, was arrested and had criminal charges filed against her, to wit, two counts of battery on students attending Polk County School.

33. Upon information and belief, that said Caucasian Teacher remains employed with Defendants, pending the outcome of her court case, without the recommendation of termination.

34. Upon information and belief, Defendants refused Plaintiff the same opportunities to remain employed without the recommendation of termination, pending the outcome of her court case, at least in part because Plaintiff belonged to the African American Race.

35. Similarly, Defendants refused to rehire Plaintiff, at least in part, because she belonged to the African American Race.

36. Finally, Defendants used a charge and arrest against Plaintiff, who is African American to constructively discharge Plaintiff, forcing her to resign, then refused to rehire her

based on that charge and arrest, even though she was found "not guilty" and never convicted. This conduct disproportionately impacted and discriminated against an African American, Plaintiff.

37. As a direct, legal, and proximate result of the discrimination, Plaintiff was constructively terminated, not re-hired, has sustained, and continues to sustain, economic and emotional injuries, resulting in damages.

38. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her African American Race.

39. Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff compensatory damages which include but are not limited to emotional harm, past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest (if applicable);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 17th day of August, 2022.

        Light Path Law, P.A.
        *Counsel for Plaintiff*
        2740 Oak Ridge Court #303
        Fort Myers, FL 33901
        Phone: (239) 689-8481
        Fax: (239) 294-3930
        kscott@lightpathlaw.com (Primary)
        cirick@lightpathlaw.com (Secondary)
        jjordan@lightpathlaw.com (Secondary)

By: /s/ Kristie A. Scott
        Kristie A. Scott
        Florida Bar No. 108111