UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LIQUINDELLA CLARK**,

    Plaintiff,

v.                                                    Case No. 8:22-cv-001885-WFJ-NHA

**POLK COUNTY SCHOOL BOARD**,

    Defendant.
_____/

## ORDER

Before the Court is Polk County School Board's ("Defendant") Motion for Summary Judgment (Dkt. 39) on Liquindella Clark's ("Plaintiff") Amended Complaint (Dkt. 23). Plaintiff submitted a Response in Opposition (Dkt. 45) and a Response to Plaintiff's Undisputed Facts (Dkt. 46). Defendant submitted a Reply (Dkt. 49) and, at the Court's request, a Sur Reply (Dkt. 54). Plaintiff declined the opportunity to file her own sur reply. After careful consideration, the Court finds that genuine issues of material fact preclude summary judgment and denies Defendant's Motion.

### BACKGROUND

Plaintiff was employed by Defendant as a teacher in the Polk County School District for approximately twenty-one years. Dkt. 39-3 at 3–4. In February 2021, Plaintiff was arrested and charged with child abuse. Dkt. 45–7 at 1. Defendant

subsequently placed her on paid administrative leave. *Id.* A letter delivered to Plaintiff upon her release from jail explained that Plaintiff would be recommended for termination, but that she could request a hearing prior to Defendant's final action. *Id.* at 1–2. Plaintiff initially requested a hearing, but she resigned in lieu of termination before it occurred. Dkt. 46 ¶ 34.

After Plaintiff was acquitted of her criminal charge, she sought reemployment with Defendant. Dkt. 39-3 at 14. Defendant informed Plaintiff that it has a policy of not rehiring employees who have resigned in lieu of termination. Dkt. 46 ¶ 43. Plaintiff was not rehired. *Id.*

Plaintiff was not the only Polk County School District employee who was arrested after a physical altercation with students that year. *Id.* ¶ 46. Teacher Rhonda Rice was arrested on a battery charge after allegedly biting two students in November 2021. *Id.* She was suspended without pay and eventually retained her job. Dkt. 23 ¶ 32; Dkt. 39 at 12. Plaintiff, an African American woman, asserts that she was treated disparately from Ms. Rice, an allegedly similarly-situated Caucasian woman. Dkt. 23 ¶¶ 33–35.

## Disputed Facts

Plaintiff alleges that Defendant misled her in two key ways during her suspension. Defendant contests both.

First, Plaintiff asserts that Donald Wilson, an attorney for Defendant, told Plaintiff's attorney that Plaintiff was going to be terminated and "that as a result she would with 100% certainty lose a portion of her retirement benefits, if not all her retirement benefits, and that the only way to avoid losing her retirement benefits, was by [Plaintiff] tendering her resignation in lieu of termination." Dkt. 46 ¶ 35. In contrast, Defendant states that Mr. Wilson told Plaintiff's counsel "it was unlikely [Plaintiff's] retirement benefits were in danger." Dkt. 39-1 ¶ 37.

Next, Plaintiff alleges that Defendant does not have a policy making employees who resign in lieu of termination ineligible for reemployment, and that no such policy was communicated to her or her counsel prior to her resignation. Dkt. 46 ¶ 36. For its part, Defendant contends that Mr. Wilson told Plaintiff's counsel of the policy, which does exist, prior to Plaintiff's resignation. Dkt. 39-1 ¶¶ 36, 42.

Plaintiff filed her one-count Amended Complaint for Title VII race discrimination, alleging that Defendant constructively discharged her and refused to rehire her due to her race. Dkt. 23 ¶¶ 6–7. Defendant moved for Summary Judgment, arguing that: (1) Plaintiff was not constructively discharged; (2) Plaintiff failed to make out a prima facie case of race-based discrimination; (3) even if Plaintiff had carried her prima facie burden, she did not rebut Defendant's legitimate, nondiscriminatory reasons for termination. Dkt. 39 at 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the lawsuit under the governing law. *Id.*

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the non-moving party's favor. *Id.* Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Electric Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Title VII "prohibits employers from discriminating against 'any individual with respect to his compensation, terms, conditions, or privileges of employment'

because of that individual's race." *Davis v. Legal Servs. Ala.*, 19 F.4th 1261, 1265 (11th Cir. 2021) (quoting 42 U.S.C. § 2000e-2(a)(1)). "[T]he ultimate question in a discrimination case is whether there is enough evidence to show that the reason for an adverse employment action was illegal discrimination." *Tynes v. Fla. Dep't Juv. Just.*, 88 F.4th 939, 941 (11th Cir. Dec. 12, 2023). In the instant case, the disputed facts render the Court unable to answer that ultimate question. Therefore, summary judgment is inappropriate.

If the facts are as Plaintiff alleges, she may have experienced an adverse action that was motivated by racial animus. A reasonable person might find the risk of losing retirement benefits worth $1.3 million to be intolerable. *See Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (defining constructive discharge); Dkt. 45 at 17–18. And if Defendant cited a nonexistent policy to justify its failure to rehire Plaintiff once she was acquitted of her criminal charges, that ultimate employment decision would constitute an adverse action. *See Van Voorhis v. Hillsborough Cnty Bd. of Cnty Com'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008). If, as Plaintiff suggests, Defendant did not similarly misinform Ms. Rice, Dkt. 45 at 13, a rational trier of fact could find evidence of illegal discrimination.

The Court makes no findings as to the credibility of Plaintiff's assertions. At this stage, it is sufficient that genuine issues of material fact exist: (1) whether Mr. Wilson told Plaintiff, via her counsel, that she would lose her retirement benefits if

5

terminated; (2) whether Defendant notified Plaintiff prior to her resignation that it has a policy of not rehiring employees who resign in lieu of termination; (3) whether such a policy does, in fact, exist; and (4) whether Defendant provided different information to Ms. Rice. These genuine disputes of material fact preclude summary judgment.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (Dkt. 39) is **DENIED**. **DONE AND ORDERED** at Tampa, Florida, on January 10, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record